Curia, per Harper, Oh.
I was mistaken, it appears, in conjecturing that the testator’s widow had received the two thous- *70 and dollars bequeathed to her by the will. But according to the view I have taken, this is immaterial. If the testator had only given her the land, slaves, (fee. and had declared expressly that the decree should form part of his estate, whether to pass under the residuary clause of his will, or to be distributed as property intestate, it is plain that she could not have taken both, without defeating the provisions of the will, and must have elected. He has declared, in very unequivocal terms, that he regards the decree as his own, and in the case supposed, she has already elected, by taking the land, (fee.' It can make no difference that he has given her a further provision in lieu of the decree. There is no shadow of ground for the construction that he intended to give her the choice between the funds. If she should take the decree she must make compensation out of any property given her by the will, and, by faking the land (fee., may be said to have already elected.
It is urged that she had the apparent and only legal title to the money as survivor, and that the court should, as of course, have ordered the money to be paid to her, leaving those who claim it to seek it as they may. But I certainly understood that all parties agreed in the facts, and also agreed in submitting the question. There was, I think, some irregularity in seeking to obtain the opinion of the court in this summary and collateral way. But the proceeding by rule is an appeal to the equitable discretion of the court, and if there appear any equitable cause, it may, without adjudicating the matter, refuse its interference and leave the parties to proceed by suit. If the commissioner should receive notice that a plaintiff to a money decree had assigned it, it would, I apprehend, be at his own risk if he should afterwards pay the money to the assignor, and the court would not order him to do that which it would be against his duty to do. But if this be a case of election, and the widow has in fact elected, this is equivalent to an assignment. This is no adjudication, nor will the court, upon a summary application, order the money to be paid to the executor. If he claims it, he must institute some proceeding to try his right to it. In the case of an assignment it is usual to proceed by petition, making the assignor a party. Motion dismissed.
The whole court concurred.